IN THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SHAJUAN GRAY,**<br>c/o Friedman and Gilbert<br>55 Public Square, Suite 1055<br>Cleveland, Ohio 44113,<br><br>*Plaintiff,*<br><br>-vs-<br><br>**CITY OF EUCLID**<br>545 E. 222nd St.<br>Euclid, Ohio 44123,<br><br>-and-<br><br>**OFFICER JAMES AOKI**<br>Euclid Police Department<br>545 East 222nd St.<br>Euclid, Ohio 44123,<br><br>*Defendants.* | CASE NO.<br><br>JUDGE<br><br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. On March 27, 2017, Plaintiff Shajuan Gray was at home in her apartment. Plaintiff Gray had recently showered and was wearing only a short, terry cloth bath wrap. Without just cause, Defendant Euclid Police Officer James Aoki illegally entered her apartment, seized and arrested her. As Defendant Aoki assaulted Plaintiff Gray, her wrap slipped down, exposing her breasts. Defendant Aoki did not permit Plaintiff to dress herself. Without any legal justification, Defendant Aoki charged Plaintiff Gray, who has no criminal background, with resisting arrest, obstruction of official business, and a noise violation. Plaintiff faced prosecution for five months

and was compelled to hire private defense counsel to represent her. Finally, on October 30, 2017, a jury acquitted Plaintiff of all charges.

2. This is a civil rights action addressing the constitutional and state law violations committed against Shajuan Gray. Plaintiff seeks damages, costs, and all other relief this Court deems appropriate for the violations and injuries she has suffered and continues to suffer.

3. Plaintiff also seeks damages and other relief against Defendant City of Euclid for their written and unwritten policies, practices, and/or customs of civil rights violations and unconstitutional practices, which were the moving forces in the violations of Plaintiff's rights giving rise to this lawsuit.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 1983, et. seq., as well as the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred on this Court under 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights).  Pendent claims arise under the laws and Constitution of the State of Ohio and supplemental jurisdiction is invoked under 28 U.S.C. § 1367.

5. Venue is appropriate in this District under 28 U.S.C. § 1391(b) as this cause of action arose in the City of Euclid, County of Cuyahoga.

## PARTIES

6. Plaintiff Shajuan Gray, at all times relevant to the allegations made in this complaint, resided in the City of Euclid, County of Cuyahoga, Ohio.

7. James Aoki was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the City of Euclid, acting within the scope of his employment and under the color of state law. He is sued in his individual capacity.

8. Defendant City of Euclid was and is a political subdivision and unit of local government duly organized under the laws of the State of Ohio in the Northern District of Ohio acting under the color of law. Defendant City of Euclid is a "person" under 42 U.S.C. § 1983. Defendant City of Euclid is the employer and principal of Defendant Aoki, and is responsible for the policies, practices, and customs of its Police Department.

**FACTS**

9. During the afternoon of March 27, 2017, Plaintiff Shajuan Gray was inside her home. She was clothed only in a short, terry cloth bath wrap as she had just taken a shower.

10. Defendant Aoki was acting in his capacity as a Euclid Police Officer. He was assigned to routine patrol duties.

11. Defendant Aoki was dispatched to the area of 24350 Lakeshore Blvd. for an allegation of loud music.

12. Aoki knocked on Plaintiff Gray's door.

13. Plaintiff Gray opened the door slightly, modestly positioning her almost naked body behind the door, and spoke with Defendant Aoki.

14. Aoki asked Plaintiff to turn her music off.

15. Although Plaintiff Gray was playing her music at a reasonable level, she complied with Defendant's request and turned off her the music.

16. Plaintiff told Defendant Aoki that she would return momentarily to speak further with him after she properly clothed herself.

17. At that time, Defendant Aoki unlawfully forced his way into Plaintiff Gray's residence and assaulted her.

18. Defendant Aoki aggressively, forcefully, and without justification, pushed Plaintiff Gray – who was wearing only a bath wrap– onto a freezer inside her apartment.

19. Several neighbors heard the commotion and came out of their apartments to see Defendant Aoki assaulting Plaintiff without justification.

20. During the assault, Plaintiff's wrap fell down, exposing her breasts and her naked body to Defendant Aoki and neighbors.

21. Plaintiff Gray begged Defendant Aoki to allow her to put on clothes, but he refused.

22. Instead, Aoki asked a neighbor to assist in trying to "cover up" Plaintiff Gray while she was exposed and handcuffed.

23. Plaintiff Gray was arrested and placed into the rear of Defendant Aoki's cruiser, still wearing only her short wrap, despite her repeated requests to clothe herself.

24. At no point did Plaintiff Gray resist arrest.

25. Defendant Aoki did not have reasonable suspicion or probable cause to justify or permit his entry into Plaintiff's home or his decision to seize her.

26. Defendant Aoki arrested Plaintiff Gray and brought her to the Euclid Police Station.

27. As a result of the false charges lodged against her by Defendant Aoki, Plaintiff was held in the Euclid City Jail and had to post bond to gain her freedom.

28. Defendant Aoki then completed false, misleading, and incomplete official reports and gave a false, misleading, and incomplete version of events to supervisors and prosecutors.

29. Defendant Aoki filed a criminal complaint in the Euclid Municipal Court against Plaintiff for resisting arrest, obstructing official business, and a noise violation in case number 17CRB00569.

30. Plaintiff, who had no criminal background, faced prosecution for over seven months. She had to engage criminal defense counsel and defend herself against the charges at a jury trial.

31. Defendant Aoki gave a false, misleading, and incomplete testimony at Plaintiff's jury trial in order to cover up his own misconduct.

32. On October 30, 2017, a jury acquitted Plaintiff of all charges and the case was terminated in her favor.

33. In violating Plaintiff's constitutional rights, Defendant Aoki engaged in willful, wanton, reckless, and/or negligent conduct. This unconstitutional conduct and willful, wanton, reckless, and/or negligent conduct was the direct, actual, and proximate cause of Plaintiff's injuries.

34. As a direct and proximate result of Defendant Aoki's conduct, Plaintiff suffered and continues to suffer lasting injuries including, *inter alia*, physical pain and harm, bruising, and serious and severe mental, emotional, and psychological injuries, economic losses, loss of liberty, and damages.

35. The injuries suffered by Plaintiff were all preventable, had Defendant Aoki not engaged in unconstitutional conduct in violation of her fundamental rights.

36. Upon information and belief, the City of Euclid has failed to effectively investigate or impose any discipline on Defendant Aoki for his illegal behavior and false testimony.

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 Claim – Unconstitutional Search and Seizure
### against Defendant Aoki

37. All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

38. Defendant Aoki's actions, as alleged in the preceding paragraphs, were performed under color of law and deprived Plaintiff of federally protected rights, in violation of Title 42 U.S.C. §1983.

39. Defendant Aoki deprived Plaintiff of her clearly-established right to be free from unreasonable searches and seizures and unreasonable and excessive force in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

40. The actions of Defendant Aoki were committed intentionally, and in a willful, wanton, and/or reckless manner.

41. As a direct and proximate result of the misconduct of the Defendant, Plaintiff suffered and continues to suffer injuries and damages as set forth in the Complaint.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 Claim – Malicious Prosecution
### against Defendant Aoki

42. All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

43. Defendant Aoki's actions, as alleged in the preceding paragraphs, were performed under color of law and deprived Plaintiff of federally protected rights, in violation of Title 42 U.S.C. §1983.

44. Defendant Aoki accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause.

45. Defendant Aoki instigated, influenced, or participated in the decision to prosecute Plaintiff knowing there was no probable cause for the criminal prosecution.

46. Defendant Aoki also engaged in conduct, including but not limited to making statements to supervisors, prosecutors, and a jury, which continued the judicial proceedings against Plaintiff without probable cause.

47. The charges were terminated in favor of Plaintiff.

48. Defendant Aoki deliberately engaged in arbitrary and conscience-shocking conduct that contravened fundamental canons of decency and fairness and violated Plaintiff's substantive due process rights and in violation of the Due Process Clause, and the Fourteenth and Fourth Amendments to the United States Constitution.

49. As a direct and proximate cause of Defendant Aoki's misconduct, Plaintiff suffered and continues to suffer injury and damages as set forth in this Complaint.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 1983 –** *Monell* **Claim**
**against Defendant City of Euclid**

50. All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

51. The actions of Defendant Aoki, as alleged above, were taken pursuant to one or more interrelated de facto policies (even if not official written edicts), practices and/or customs of civil rights violations and unconstitutional practices of the City of Euclid and its Police Department.

52. The City of Euclid, at all times relevant herein, approved, authorized, and acquiesced in the unlawful and unconstitutional conduct of its respective employees and/or agents and consequently is directly liable for the acts of those agents, pursuant to 42 U.S.C. § 1983.

53. Though the facts and circumstances surrounding Plaintiff's arrest clearly demonstrate that Defendant Aoki's actions were unreasonable and unlawful upon information and belief, the City of Euclid has failed to effectively investigate or impose any discipline on Defendant Aoki for his illegal behavior.

54. At all times material to this complaint, the Defendant City of Euclid and its Police Department had interrelated de facto policies, practices, and customs which included, *inter alia*:

   a. the failure to properly hire, train, supervise, discipline, transfer, monitor, counsel and/or otherwise control City of Euclid police officers who engage in unjustified use of excessive and unreasonable force, unlawful searches and seizures, and malicious prosecution;

   b. the police code of silence;

   c. the encouragement of excessive and unreasonable force, unlawful searches and seizures, and malicious prosecution;

   d. the failure to properly investigate use of excessive and unreasonable force, unlawful searches and seizures, and malicious prosecution against civilians, particularly African-Americans, by City of Euclid police officers; and

   e. the failure to properly discipline, supervise, monitor, counsel, and otherwise control City of Euclid police officers who engage in unjustified use of excessive and unreasonable force, unlawful searches and seizures, or malicious prosecution.

55. Recently, a slew of allegations of excessive force and misconduct against Euclid police officers have arisen, some of which are captured on video.

56. The aforementioned de facto policies, practices, and customs of the Euclid Police Department include a pattern of acts of excessive use of force, unlawful searches and seizures, and malicious prosecution, and other willful, wanton, and/or reckless behavior leading to harmful consequences to citizens.

57. The Euclid Police Department has engaged in little or no meaningful investigation or disciplinary action in response to this pattern of misconduct, thereby creating a culture or climate that members of the department can escape accountability with impunity.

58. The Euclid Police Department's training is deficient and trivializes the use of excessive force through the use of images such as the following, which was the first slide of the training PowerPoint presentation in the Euclid Police 2017 winter in-service "Defensive Tactics Training," and includes an image of a police officer in riot gear striking a person lying on the ground with hands in the air, with the caption, "serving and protecting the poop out of you":



59. In *Stewart v. Euclid*, 17-cv-02122, the Honorable Judge Gwin of the Northern District of Ohio cautioned Euclid, stating, "the Euclid Police Department seems to view the use of force (including deadly force) with cavalier indifference."

60. These customs/practices/patterns are the moving force behind the conduct of Defendant Aoki in searching, seizing, and prosecuting Plaintiff, which was not an isolated incident of unconstitutional and unreasonably violent policing within the City of Euclid by its officers.

61. The policy, practice, and custom of a police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including unlawful searches, seizures, and prosecutions, despite their obligation to do so, and also includes police officers either remaining silent or giving false and misleading information during official investigations in order to protect themselves or fellow officers from internal discipline, civil liability, or criminal charges in cases where they or their fellow officers have engaged in misconduct.

62. The de facto policies, practices, and customs of failing to hire, train, supervise, monitor, discipline, transfer, counsel and/or control police misconduct and the code of silence are interrelated and exacerbate the effects of each other, institutionalize police lying, and immunize police officers from discipline.

63. That the unconstitutional actions of Defendant Aoki were part and parcel of a widespread municipal policy, practice, and/or custom is further established by the involvement in, and ratification of, these acts by municipal supervisors and policy makers, as well as by a wide range of other police officials, officers, and divisions of the Department.

64. The policies, practices, and/or customs alleged in this complaint, separately and together, are the proximate cause of the injury to Plaintiff as Defendant had good reason to believe that his misconduct would not be revealed or reported by fellow officers or supervisors, and that he was immune from disciplinary action, thereby protecting him from the consequences of his unconstitutional conduct.

65. But for the belief that he would be protected both by fellow officers and the City of Euclid Police Department from serious consequences, Defendant Aoki would not have engaged in the conduct that resulted in the injuries to Plaintiff.

66. The interrelated policies, practices, and customs, individually and together, were maintained and implemented with deliberate indifference and encouraged Defendant Aoki to violate Plaintiff's constitutional rights, and therefore were the moving force behind and to the violations of Plaintiff's rights.

**FOURTH CLAIM FOR RELIEF**
**Ohio Law – Malicious Prosecution**
**Against Defendant Aoki**

67. All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

68. In the manner described more fully above, Defendant Aoki, acting maliciously, instituted, participated in, and/or continued the prosecution of Plaintiff without probable cause.

69. As a consequence of the criminal prosecution, Plaintiff was unlawfully seized and deprived of liberty.

70. Plaintiff's criminal prosecution was terminated in her favor when a jury acquitted her of all charges.

71. Defendant Aoki committed these actions intentionally, maliciously, culpably, and/or in a willful, wanton, or reckless manner, and in reckless disregard of Plaintiff's rights.

72. Defendant Aoki acted under color of law and within the scope of his employment when he took these actions.

73. As a direct and proximate result of this malicious prosecution, Plaintiff suffered injuries, including but not limited to, the loss of liberty, emotional distress, loss of reputation, and other damages as set forth in this Complaint.

## FIFTH CLAIM FOR RELIEF
### Ohio Law – Negligence - Willful, Wanton, and/or Reckless Conduct
### Against Defendant Aoki

74. All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

75. Defendant Aoki failed to exercise due care, and acted in a willful, wanton, and/or reckless manner while engaged in police functions and activities, including but not limited to unreasonable search and seizure and malicious prosecution against Plaintiff.

76. Defendant Aoki is not entitled to the immunities set forth in O.R.C. § 2744.01 *et seq*.

77. As a direct and proximate cause of Defendant's misconduct, Plaintiff suffered and continues to suffer injury and damages as set forth in this complaint.

## SIXTH CLAIM FOR RELIEF
### Ohio Law - Abuse of Process
### Against Defendant Aoki

78. All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

79. Defendant Aoki, while acting under the color of law, by instituting a legal proceeding, did so in attempt to accomplish an ulterior purpose for which it was not designed and that proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and direct damage has resulted from the wrongful use of process.

80. Defendant Aoki's abuse of this process constitutes a deprivation of the Plaintiff's right to due process.

81. Defendant Aoki instituted the charges of loud noise, obstruction of official business, and resisting arrest against the Plaintiff in an attempt to accomplish an ulterior purpose for which it was not designed, and brought said charges in an attempt to thwart the Plaintiff's legal rights to bring the instant suit.

82. A jury acquitted Plaintiff of all the false charges lodged against her by Defendant Aoki.

83. As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff suffered and continues to suffer injuries and damages as set forth in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shajuan Gray demands that judgment be entered in her favor on all counts and prays the Court award the following relief:

(A) Compensatory and consequential damages for all the injuries identified in an amount to be determined at trial, in excess of the Court's jurisdictional amount, for the violation of Plaintiff's rights;

(B) Punitive damages in an amount to be determined at trial for the willful, wanton, malicious, and reckless conduct of Defendant Aoki;

(C) Declaratory and injunctive relief against the City of Euclid enjoining policies, practices, and customs shown to encourage the use of excessive and unreasonable force, unlawful searches and seizures, and malicious prosecution against civilians, particularly African-Americans, and ordering the institution of policies, procedures, and training for the Euclid Police Department to bring them into compliance with constitutional standards;

(D) Attorneys' fees, interest, the costs of this action and other costs that may be associated with this action pursuant to 42 U.S.C. Section 1988; and

(E) Any and all other relief that this Court deems equitable, necessary, and just.

## JURY DEMAND

Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

       Respectfully submitted,

/s/ *Sarah Gelsomino*
SARAH GELSOMINO (0084340)
JACQUELINE C. GREENE (009273)
TERRY H. GILBERT (0021948)
FRIEDMAN & GILBERT
55 Public Square, Suite 1055
Cleveland, OH 44113
Tel:   (216) 241-1430
Fax:   (216) 621-0427
Email: sgelsomino@f-glaw.com
       jgreene@f-glaw.com
       tgilbert@f-glaw.com


MARCUS SIDOTI (0077476)
Jordan | Sidoti LLP
50 Public Sq., Suite 1900
Cleveland, OH 44113
Tel: 216-357-335-
Email : marcus@jordansidoti.com


*Attorneys for Plaintiff*

Dated: October 18, 2018